UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTE L. JOHNSON,<br><br>  Petitioner,<br><br>  v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Respondent. | Case No. CV 16-09583 CJC (RAO)<br><br>MEMORANDUM AND ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE |

On December 28, 2016, Petitioner Shaunte L. Johnson ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition to Courts for Order of 30 Day Increments ("Petition"). (Dkt. No. 1.) No other pleadings have been filed by Petitioner. The case has been docketed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* Docket Sheet.)

In the Petition, Petitioner states that his state court petition for review was denied by the California Supreme Court. (*See* Petition at 1 & Attach.) Petitioner further states that he is incarcerated at Lancaster State Prison and is only allowed limited access to the prison's law library. (*Id.* at 2.) Petitioner seeks an order directing the prison to grant him greater access to the law library, specifically in "30 day increments, of every other month, until October 12, 2017 (plus 90 days after

that).'' (*Id.*) Petitioner does not provide any information regarding his underlying state conviction or any claims for relief in the Petition. The Attachment to the Petition, a letter from Petitioner's appellate attorney in his state court appeal, informs Petitioner that the deadline for filing a federal habeas petition in his case is October 12, 2017. (*Id.* Attach.)

Construing the Petition liberally, it appears that Petitioner is seeking relief that will enable him to file his federal habeas petition before the expiration of the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the Petition is denied, and this matter is dismissed without prejudice.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not decide hypothetical issues or render advisory opinions. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757, 70 L. Ed. 2d 700 (1982) (Article III "limits the judicial power" of courts "to the resolution of 'cases' and 'controversies'"). As Petitioner has not actually filed a federal habeas petition challenging his conviction and/or sentence, there are no adverse parties before the Court and there is no concrete dispute for this Court to decide. *See Woodford v. Garceau*, 538 U.S. 202, 207-08, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003) (a habeas action begins with the filing of an application for habeas corpus relief). Accordingly, the Court cannot grant Petitioner the relief he seeks without violating the "case or controversy" requirement of the Constitution. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) (holding that federal court lacks jurisdiction to consider the timeliness of a section 2255 petition until a petition is actually filed); *see also Bjorn v. Warden*, 2009 WL 1392089 (N.D. Cal. May 14, 2009) (holding that under "case or controversy" requirement, federal court cannot grant relief sought by the petitioner where no habeas petition has been filed).

///

1	Regarding Petitioner's allegation of the limited access to the prison law
2	library, it may be that Petitioner is seeking an order prospectively entitling him to
3	equitable tolling of the limitations period should he file a federal habeas petition on
4	a later date.  The one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)
5	is subject to equitable tolling if a petitioner can demonstrate that "extraordinary
6	circumstances" beyond his control made it impossible for him to timely file a
7	habeas petition.  *See Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed.
8	2d 130 (2010).  However, Petitioner must file a habeas petition in this Court before
9	the Court may act upon either substantive claims raised in the petition or a motion
10	for tolling the statute of limitations if his petition is not timely filed.

11	For the foregoing reasons, the Petition is DENIED, and this action is
12	dismissed without prejudice.

15	DATED: January 13, 2017

	_____
	CORMAC J. CARNEY
	UNITED STATES DISTRICT JUDGE

3